DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jan D. Fowler, appeals the judgment of the Summit County Court of Common Pleas, which granted summary judgment, default judgment and an order for foreclosure in favor of appellee, US Bank, NA. This Court affirms.
 I. {¶ 2} On March 27, 2000, appellant and her husband executed a promissory note in the principal amount of $60,000.00, plus interest at a rate of 10.9400% per annum. On the same day, appellant and her husband executed a mortgage, securing the terms of the note with their property located at 811 Leonard Street in Akron, Ohio.
 {¶ 3} On March 7, 2003, appellee filed a complaint in foreclosure against appellant, her husband Robert Fowler, and "occupants" of the premises, alleging that the Fowlers had defaulted under the terms of the promissory note and mortgage. Appellant and her husband filed an answer denying the allegation that they were in default.
 {¶ 4} On March 30, 2004, appellee filed a combined motion for summary judgment and default judgment. The combined motion contained the requisite certificate of service, wherein appellee certified service of the motion on appellant, her husband and "occupants" by regular mail on March 29, 2004. In its motion, appellee asserted that "occupants" were in default for failing to file an answer to the complaint. Appellee further asserted that it was entitled to summary judgment as against appellant and her husband, because no genuine issue of material fact existed in regard to the Fowlers' default on the terms of the note and mortgage. Appellee appended the affidavit of its foreclosure specialist, Tiffani Ray, in support of its motion for summary judgment. Ms. Ray averred in her March 19, 2004 affidavit that she had personally reviewed the Fowlers' account, that the account is currently due for the December 1, 2002 payment, and that the balance due and owing on the account is $62,103.06 plus interest at a rate of 10.94% per annum from November 1, 2002.
 {¶ 5} Neither appellant nor her husband filed a response to appellee's motion for summary judgment. No response was likewise filed by "occupants" to appellee's motion for default judgment. On May 18, 2004, the trial court granted both appellee's motion for summary judgment and motion for default judgment. Appellant timely appeals, asserting one assignment of error for review.[1]
 II. ASSIGNMENT OF ERROR
"The trial court erred by granting a combined entry, granting a summary judgement, default judgement and order for foreclosure."
 {¶ 6} Appellant argues that the trial court erred by granting summary judgment and default judgment, because appellee's combined motion was never served on appellant. Appellant further argues that the trial court erred by granting appellee's motions without conducting a hearing on the issues, at which time appellant might have presented evidence of irregularities in appellee's accounting regarding appellant's payments, as well as evidence that a third party entered into an agreement with appellee regarding payment on the note. This Court disagrees.
 {¶ 7} This Court declines to address appellant's argument that the trial court erred by granting default judgment as against "occupants." "Occupants" are not parties to this appeal, and appellant has no standing to raise the issue on their behalf.
 {¶ 8} In regard to appellant's argument that she did not receive service of appellee's motion for summary judgment, this Court notes that appellee properly appended a certificate of service to its motion, certifying service by regular mail to appellant on March 29, 2004. There is a presumption that proper service exists when the record reflects that the Civil Rules pertaining to service of process have been followed.Potter v. Troy (1992), 78 Ohio App.3d 372, 377.
 {¶ 9} This Court reviews an award of summary judgment de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the nonmoving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 10} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 11} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 12} There is no requirement that the trial court hold an oral hearing on a party's motion for summary judgment. Further, there is nothing in the record to indicate that appellant requested a hearing on the matter. Appellant's argument that the trial court erred by failing to hold such hearing is not well taken.
 {¶ 13} In this case, appellee appended the affidavit of its foreclosure specialist, who averred that she had personal knowledge of appellant's account and that appellant had defaulted on the terms of the promissory note and mortgage. Under those circumstances, appellee satisfied its Dresher burden to show that there was no genuine issue of material fact in regard to the allegations in appellee's complaint for foreclosure. Appellant, by failing to respond to the motion for summary judgment, failed in her reciprocal burden to set forth specific facts demonstrating that genuine triable issues remained to be litigated. Therefore, the trial court properly granted summary judgment in favor of appellee as against appellant. Further, appellant cannot now attempt to present evidence in opposition to appellee's motion for summary judgment, which evidence was not before the trial court for consideration. Appellant's assignment of error is overruled.
 III. {¶ 14} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas granting summary judgment, default judgment and an order of foreclosure is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Whitmore, J., Concur.
[1] Although the trial court granted summary judgment against Robert Fowler and default judgment against "occupants," they have not appealed from those judgments and are not parties to this appeal.