OPINION
{¶ 1} Defendant-appellant, Karen Y. Kennedy ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court granted summary judgment in favor of plaintiff-appellee, Beneficial Ohio, Inc. d/b/a Beneficial Mortgage Co. of Ohio ("appellee"). For the reasons that follow, we affirm.
 {¶ 2} The following facts are pertinent to this appeal. On June 25, 2004, appellee filed the present action in foreclosure against appellant, the owner of residential real property located in Columbus, Ohio. Appellant had conveyed to appellee a mortgage interest in the real property, and appellee alleged that appellant had defaulted on the note associated therewith, the face amount of which was $95,899.76. Appellee further alleged that the note contained a term specifying that it would bear interest at the rate of 9.956 percent per annum. Appellee alleged that appellant's total obligation due and owing under the terms of the note was $93,212.19, with interest accruing from January 5, 2004.
 {¶ 3} On November 12, 2004, following her receipt of service of summons and a copy of the complaint, appellant, proceeding pro se, filed an answer. Therein, she asserted that she had been victimized by appellee's predatory lending practices and that she had kept all "prior agreements and temporary payments with Beneficial/Household and has paid on time." The answer contained no other relevant denials or admissions.
 {¶ 4} On November 15, 2004, appellee filed a motion for summary judgment. Appellee supported its motion with the affidavit of Khalid Mahmud, who identified himself therein as an employee of appellee, charged with the supervision and servicing of the loan subject of this action. Mr. Mahmud averred that he is the custodian of the business records pertaining thereto, and that the copies of the note and mortgage attached to the complaint are true and exact copies of the originals, kept in the ordinary course of business.
 {¶ 5} Mr. Mahmud further stated that appellant has failed to make payments as required by the terms of the note and mortgage, that appellee has thus accelerated the balance due and owing, and that said balance is $93,212.19 with interest at the rate of 9.956 percent per annum from January 5, 2004. Finally, Mr. Mahmud attached to his affidavit what he averred were true copies of appellee's records evidencing the debits, credits and balance due on the loan.
 {¶ 6} Appellant did not file a memorandum contra or otherwise respond to the motion for summary judgment. On November 29, 2004, the court journalized a judgment entry/decree in foreclosure in which the court granted summary judgment to appellee on its claims.
 {¶ 7} On December 29, 2004, appellant appealed to this court and asserts the following single assignment of error:
Whether the trial court erred when it entered judgment against the Defendant when the Defendant had not an opportunity to present her case by following the Clerk's Original Case Schedule. A pre-trial conference was not granted.
 {¶ 8} Appellant's assignment of error questions the method and timing by which judgment was rendered against her. She asserts that she had no opportunity to present her case because the trial court held neither a pretrial conference nor a trial on the merits. We interpret appellant's single assignment of error as a challenge, on the merits, to the summary judgment rendered against her.
 {¶ 9} Civ. R. 56(A) provides the manner in which a party may seek judgment as a matter of law, prior to hearing or trial, and states:
A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. A party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion for pleading by the adverse party, or after service of a motion for summary judgment by the adverse party. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.
 {¶ 10} Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ. R. 56(C); State ex rel. Grady v.State Emp. Rels. Bd. (1997), 78 Ohio St.3d 181, 677 N.E.2d 343.
 {¶ 11} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. The court in Dresher also held:
The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Id. at 293.
 {¶ 12} This court has previously held that, with respect to procedural rules, pro se litigants are to be held to the same standards as members of the bar. In Justice v. Lutheran Social Servs. (Apr. 8, 1993), 10th
Dist. No. 92AP-1153, we held:
While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.
Id., 1993 Ohio App. LEXIS 2029, at *6. See, also, Jones v. Booker
(1996), 114 Ohio App.3d 67, 70, 682 N.E.2d 1023.
 {¶ 13} After a review of appellee's motion for summary judgment, we find that appellee met its initial burden by relying upon the affidavit of Khalid Mahmud, which established that the note and mortgage subject of this action were maintained in the ordinary course of business, the mortgage was properly recorded, and appellant failed to make payments as required by the terms and conditions of the note that she executed. The affidavit further established that there is a balance due and owing on the note in the amount of $93,212.19 with interest at the rate of 9.956 percent per annum from January 5, 2004.
 {¶ 14} By failing to respond to the motion for summary judgment, appellant failed to meet her reciprocal burden, pursuant to Civ. R. 56(E), to avoid judgment being rendered against her. Appellee demonstrated that no genuine issue of material fact remained and that summary judgment was appropriate. Accordingly, the trial court correctly granted summary judgment in favor of appellee.
 {¶ 15} For the foregoing reasons, we overrule appellant's single assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Bowman, JJ., concur.
Bowman, J., retired of the Tenth Appellate District assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.