OPINION
{¶ 1} Defendants-appellants, Saundra and William Ritchey, appeal the judgment of the Lake County Court of Common Pleas, granting summary judgment in favor of plaintiff-appellee, J.P. Morgan Chase Bank ("J.P. Morgan"). For the reasons that follow, we affirm the judgment of the lower court. *Page 2 
 {¶ 2} On May 15, 2006, J.P. Morgan, as Trustee on behalf of the First Franklin Mortgage Loan Trust ("First Franklin"), filed a complaint, with summons, against appellants,[1] seeking a money judgment, a Decree of Foreclosure, and an Order of Sale for the subject premises, located at 9885 Weathersfield Drive in Mentor, Lake County, Ohio.
 {¶ 3} The complaint alleged that, as of April 1, 2005, appellants were in default on an adjustable rate note issued on or about August 13, 2004, with a face value of $241,300. The note in question was executed by Saundra, with First Franklin as payee, and was secured by a Mortgage Deed, which was signed by both Saundra and William. The complaint further alleged that, as a direct result of this default, J.P. Morgan, as Trustee for First Franklin, was entitled to judgment in the amount of $240.143.77 plus interest and costs. Along with the complaint, J.P. Morgan filed a preliminary judicial report, issued by First American Title Insurance Company, reflecting title to the property in appellants' names, a legal description of the subject property, a history of taxes and assessments thereon, and a record of the assignment of the mortgage loan on the property from First Franklin to J.P. Morgan, which was recorded in the Lake County records on February 20, 2006. A summons, along with a copy of the complaint was served upon the parties via certified mail.
 {¶ 4} On June 20, 2006, appellants filed a motion to dismiss, pursuant to Civ.R. 12(B)(6) and 41(B)(1), which was subsequently denied by the trial court on August 7, 2006. On August 18, 2006, appellants filed their answer denying all averments within the complaint and asserting various defenses. *Page 3 
 {¶ 5} On September 12, 2006, J.P. Morgan filed a motion for summary judgment. Attached to the motion was an affidavit from Vimbai Gopito, a Foreclosure Technician employed by Countrywide Home Loans, Inc., who averred that the documents attached to the complaint were true and accurate copies of the Note and Mortgage, that the mortgage was filed with the Lake County Recorder's Office, that the Note and Mortgage are in default for reason of noncompliance with the terms of payment, and that the principal balance due on the note was $240.143.77. The Motion for Summary Judgment also contained a certificate of service which indicated the motion was served upon the parties via regular first-class mail, on September 8, 2006. On the same date, a Final Judicial Report prepared by First American Title Insurance Company was also filed, which included a copy of the assignment of the mortgage from First Franklin to J.P. Morgan. This assignment was executed on December 20, 2005 and filed with the Lake County Recorder on February 2, 2006. Appellants did not file a response to J.P. Morgan's motion for summary judgment.
 {¶ 6} On October 19, 2006, the court entered summary judgment in favor of J.P. Morgan, granting foreclosure and an order of sale on the property.
 {¶ 7} Appellants filed a pro se Motion for Reconsideration on October 31, 2006. J.P. Morgan filed a response to this motion. Appellants then filed a motion to vacate the October 19, 2006 judgment on November 20, 2006.[2] On the same day, appellants filed a notice of appeal with this court, raising the following as error for our review:
 {¶ 8} "[1.] The trial court erred to the prejudice of the defendants in granting summary judgment upon the motion of a nonparty to the case. *Page 4 
 {¶ 9} "[2.] The trial court erred to the prejudice of the defendants in granting summary judgment without adequate notice for responding to the motion and hearing.
 {¶ 10} "[3.] The trial court erred in not granting defendants' motion to dismiss, as documents filed without service upon the parties are not properly before the court and cannot be considered by it."
 {¶ 11} For discussion purposes, appellants' assignments of error will be discussed out of order.
 {¶ 12} In their third assignment of error, appellants argue that the trial court erred and abused its discretion by denying their motion to dismiss. We disagree.
 {¶ 13} The first paragraph of appellants' motion to dismiss requests dismissal, pursuant to both Civ.R. 12(B) and Civ.R. 41(B).
 {¶ 14} Civ. R. 12(B), which governs motions for judgments on the pleadings, states, in relevant part, as follows:
 {¶ 15} "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may * * * be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, [and] (6) failure to state a claim upon which relief can be granted * * *."
 {¶ 16} In contrast to Civ.R. 12(B), dismissal of a case under Civ.R. 41(B) may be warranted when a plaintiff "fails to prosecute, or comply with [the Civil] rules or any court order." Civ.R. 41(B)(1). *Page 5 
 {¶ 17} The standard of review under a Civ.R. 12(B) motion to dismiss, since it presents only questions of law, is de novo. Goss v. KmartCorp., 11th Dist. No. 2006-T-0117, 2007-Ohio-3200, at ¶ 17 (citations omitted). As a general rule, "[a] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel. Hanson v. Guernsey Cty. Bd.of Commrs., 65 Ohio St.3d 545, 547, 1992-Ohio-73. In construing the complaint, we must presume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.
 {¶ 18} In contrast to a motion to dismiss under Civ.R. 12(B), a trial court's decision to dismiss an action pursuant to Civ.R. 41(B) is subject to appellant review under an abuse of discretion standard.Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 47.
 {¶ 19} In the case sub judice, appellants' motion to dismiss cites to none of the recognized grounds for dismissal under either Civ.R. 12(B) or Civ.R. 41(B). Rather, appellants' actual argument is that the current complaint is merely the "refiling of a prior complaint which was dismissed as to all defendants * * * on February 2, 2006" after Plaintiff failed to file documents reflecting "an assignment of the averred Note and Mortgage [to the plaintiff] pursuant to Court Orders." Thus, appellants' motion to dismiss was based upon the argument that the complaint was barred by the doctrines of res judicata and collateral estoppel.
 {¶ 20} In support of appellants' motion, they attached a copy of the docket from Lake County Court of Common Pleas Case No. 05 CF 1996, which revealed a prior *Page 6 
case between the same parties had been dismissed on February 2, 2006, pursuant to Civ.R. 41(B). Therefore, we must initially determine whetherres judicata is a proper basis for appellants' motion to dismiss.
 {¶ 21} The doctrine of res judicata has two aspects: claim preclusion and issue preclusion. Grava v. Parkman Twp., 73 Ohio St.3d 379, 380,1995-Ohio-331 (citations omitted). "Claim preclusion prevents a `plaintiff from relitigating the same cause of action against the same defendant.'" State Farm Ins. Cos. v. Peda, 11th Dist. No. 2004-L-082,2005-Ohio-3405, at ¶ 19 (citations omitted). Issue preclusion, also known as collateral estoppel, precludes the relitigation of an issue that has been actually or necessarily determined between the parties in a prior action from being relitigated in a second, different cause of action. Lasko v. Gen. Motors Corp., 11th Dist. No. 2002-T-0143, 2003-Ohio-4103, at ¶ 15.
 {¶ 22} This court and others have concluded, under Civ.R. 8(C), that "[r]es judicata is an affirmative defense," which "must be pleaded" and "cannot be raised by [a] motion [to dismiss]." Rittenhouse v.Johnson (Dec. 26, 1978), 11th Dist. No. 6-296, 1978 Ohio App. LEXIS 9027, at *3; see also, Stephens v. Boothby (1974), 40 Ohio App.2d 197,200; Nelson v. Pleasant (1991), 73 Ohio App.3d 479, 482 (citations omitted); Cooper v. Highland Cty. Bd. of Commrs., 4th Dist. No. 01CA15, 2002-Ohio-2353, at ¶ 11; Hamrick v. Daimler-Chrysler Motors, 9th Dist. No. 02CA008191, 2003-Ohio-3150, at ¶ 7; accord Jim's Steak House, Inc.v. Cleveland, 81 Ohio St.3d 18, 21, 1998-Ohio-440 ("the defense ofres judicata may not be raised by a motion to dismiss under Civ.R. 12(B)") (citation omitted); State ex rel Freeman v. Morris (1991), 62 Ohio *Page 7 
St.3d 107, 109 (holding that res judicata cannot be raised in a motion to dismiss, but can be raised in a motion for summary judgment).
 {¶ 23} Since appellants raised the issue in a motion to dismiss, rather than in a responsive pleading or a motion for summary judgment, we conclude that the trial court did not err in denying appellants' motion to dismiss on this basis.
 {¶ 24} We note, as an aside, that both parties also argue the issue of whether the prior action in Lake County Case No. 05 CF 1996 was related to the current action for the purposes of res judicata. This issue is not dispositive. Civ.R. 41(B) governing involuntary dismissals, states, in relevant part, that "[a] dismissal under division (B) of this rule * * * operates as an adjudication upon the merits unless the court, inits order for dismissal, otherwise specifies." Civ. R. 41(B)(3) (emphasis added).
 {¶ 25} Even if we were to assume, arguendo, that the cases were related, and that the issue of res judicata had been properly raised, a review of the docket to Case No. 05 CF 1996 states that the prior dismissal was "without prejudice." The Supreme Court of Ohio has held that "a dismissal without prejudice constitutes an action terminated `otherwise than upon the merits,'" and thus it is not vulnerable to the defense of res judicata. Chadwick v. Barbae Lou, Inc. (1982),69 Ohio St.2d 222, 226 (emphasis sic).
 {¶ 26} Next, appellants argue that the trial court erred in granting J.P. Morgan's Motion to Dismiss, because the trial court relied on "matters outside the pleading," i.e. the Preliminary Judicial Report, which, they argue, was "never properly before the [t]rial [c]ourt," due to "a failure to comply with Civ.R. 5(D)." A careful review of the record reveals that this issue was not raised prior to appeal. *Page 8 
 {¶ 27} It is a well-settled rule of law that issues which were not previously raised at the trial court level cannot be raised for the first time on appeal. State v. Awan (1986), 22 Ohio St.3d 120, at paragraph one of the syllabus; In re Goodman, 161 Ohio App.3d 192,2005-Ohio-2364, at ¶ 26 (citations omitted); Williams v. Jerry L.Kaltenbach Ent. (1981), 2 Ohio App.3d 113, 115 (citation omitted);Boyd v. Edwards (1982), 4 Ohio App.3d 142, 151 (citation omitted);Shibley v. Time, Inc. (1975), 45 Ohio App.2d 69, 75 (citations omitted).
 {¶ 28} For the foregoing reasons, appellants' third assignment of error is without merit.
 {¶ 29} We now turn our attention to the summary judgment issue. Since appellants' first and second assignments of error challenge the propriety of the trial court's grant of summary judgment in favor of J.P. Morgan, they will be discussed in a consolidated fashion.
 {¶ 30} The standard applied by an appellate court in reviewing a lower court's decision to grant summary judgment is de novo, as it only involves questions of law. Landmark Ins. Co. v. Cincinnati Ins.Co., 11th Dist. No. 2000-P-0093, 2001-Ohio-4311, at ¶ 9, citingGrafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. *Page 9 
 {¶ 31} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107.
 {¶ 32} "When a motion for summary judgment is made and supported * * * an adverse party may not rest upon * * * the party's pleadings, but the party's response, by affidavit or * * * otherwise * * * must set forthspecific facts showing that there is a genuine issue for trial." Civ.R. 56(E). (Emphasis added). In reviewing a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186.
 {¶ 33} A party seeking to establish a default on a note with an associated mortgage interest in real property meets its initial burden under Civ.R. 56(C) when it states, by means of a sworn affidavit, that the "note and mortgage subject [to the] action were maintained in the ordinary course of business, the mortgage was properly recorded, and appellant failed to make payments as required by the terms and conditions of the note." Beneficial Ohio, Inc. v. Kennedy, 10th Dist. No. 04AP-1383, 2005-Ohio-5159, at ¶ 13.
 {¶ 34} Such proof, in a summary judgment exercise, is based upon the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). *Page 10 
 {¶ 35} Attached to J.P. Morgan's motion for summary judgment was an affidavit from Vimbai Gupto, a foreclosure technician for Countrywide Home Loans, Inc. . The affidavit stated that Gupto had personal knowledge of the records pertaining to the subject note and mortgage, and that the records thereof were maintained during the ordinary course of Countrywide's business. The affidavit further averred that the documents attached to the complaint (and containing appellants' signatures) were true and accurate copies of the Note and Mortgage, and that the mortgage in question was filed in the Lake County Recorder's office on the date indicated. The affidavit also alleged that payments have not been made according to the terms of the note and mortgage and thus, appellants were in default. Finally, the affidavit established that the balance currently due and owing on the note was $240,143.77, including interest at an annual rate of eight percent, from April 1, 2005.
 {¶ 36} Accordingly, J.P. Morgan's burden of proof was satisfied under Civ.R. 56(C), and appellants' would have a reciprocal burden, under Civ.R. 56(E), to introduce evidence to show that there was a genuine issue of material fact for trial.
 {¶ 37} It is undisputed that appellants failed to respond to the motion for summary judgment. However, in their first assignment of error, appellants argue that they were not required to do so, since the motion for summary judgment was filed by the Bank of New York, rather than J.P. Morgan, and the Bank of New York was never made a party to the action. In their second assignment of error, appellants argue that summary judgment was improperly granted, since a copy of the motion was not timely served upon them, and, as a result, they did not have sufficient time to respond to the motion, or to request a hearing. We disagree. *Page 11 
 {¶ 38} As an initial matter, we note that "[t]here is no requirement that the trial court hold an oral hearing on a party's motion for summary judgment." U.S. Bank v. Fowler, 9th Dist. No. 22159,2005-Ohio-2396, at ¶ 12.
 {¶ 39} Furthermore, with regard to the issue of notice and proper service, the Civil Rules provide that service of a motion "is complete upon mailing." Civ.R. 5(B).
 {¶ 40} In the instant matter, the motion for summary judgment contains an attached certificate of service, which indicates that a copy of the motion was served, by regular mail, upon appellants' attorney, Eric Heiland, on September 8, 2006, which is four days prior to the motion being filed with the court. "A presumption of proper service exists when the record reflects that the Civil Rules pertaining to service of process have been followed." Potter v. Troy (1992), 78 Ohio App.3d 372,377 (citation omitted); Fowler, 2005-Ohio-2396, at ¶ 8. This presumption may only be rebutted "by producing sufficient evidence, such as an affidavit, that [the responding party] never received service."Poorman v. Ohio Adult Parole Auth., 4th Dist. No. 01CA16, 2002-Ohio-1059, 2002 Ohio App. LEXIS 1061, at *4-*5 (citations omitted).
 {¶ 41} Arguably, the only time issues of service or the issue of an "improper party," i.e., the Bank of New York, may have potentially been raised was in the affidavit of William Ritchey attached to a "Motion to Vacate," filed on November 20, 2006, and the affidavits of William Ritchey and Saundra Ritchey filed with the "Motion to Reconsider," filed on October 31, 2006. These affidavits stated, in relevant part, as follows: *Page 12 
 {¶ 42} "Defendants Saundra M. Ritchey and William R. Ritchey, and Their Counsel were not given Notice * * * of the filing or any notice of the hearing of the * * * Summary Judgment Motion * * *."
 {¶ 43} "Your affiant having knowledge that the Bank of New York as trustee to the certificate holders are [sic] not a party to any action."
 {¶ 44} The aforementioned affidavits are insufficient for the following reasons: First, with regard to the service issue, the affidavit is only signed by William Ritchey. The Civil Rule governing service of motions requires that service upon "a party who is represented by an attorney of record in the proceedings," shall be "made upon the attorney unless service upon the party is ordered by the court." Civ.R. 5(B). Since there is no order on the record requiring that the parties be served, William's affidavit is incompetent as proof that Attorney Heiland did not receive service.
 {¶ 45} Second, the affidavits raising the "improper party" issue were attached to a "Motion to Vacate" filed on November 20, 2006, which was filed over a month after appellants had filed a "Motion to Reconsider" with the trial court after final judgment had been issued. It is well-settled that motions for reconsideration of a final judgment in a trial court or a bare "motion to vacate" filed after final judgment is entered are nullities under the Civil Rules. Lorain Education Assn. v.Lorain City School Dist. Bd. of Ed. (1989), 46 Ohio St.3d 12, 17
(citation omitted); cf. American Energy Servs., Inc. v. Lekan (1992),75 Ohio App.3d 205, 208 (When reviewing the propriety of a summary judgment motion, we, as an appellate court, "review the same evidentiary materials that were properly before the trial court at the time it ruledon the summary judgment motion."). *Page 13 
 {¶ 46} Even if the "improper party" issue had been properly raised, we conclude that there was no error in granting summary judgment in favor of J.P. Morgan. Our de novo review of the record reveals that the sole reference to the Bank of New York is contained in the body of the motion for summary judgment. However, the caption of that motion properly lists J.P. Morgan as the moving party, and the brief in support of the motion also refers exclusively to J.P. Morgan as holder of the note. We thus conclude that the defect on the face of the motion is one of form, and not substance. Cf. Chase Manhattan Mortgage Corp. v. Locker, 2nd Dist. No. 19904, 2003-Ohio-6665, at ¶¶ 25-27 (a "scrivener's error" or "obvious clerical error" in an affidavit attached to a motion for summary judgment is insufficient to invalidate an otherwise properly granted motion for summary judgment).
 {¶ 47} For the foregoing reasons, appellants' first and second assignments of error are without merit.
 {¶ 48} We affirm the judgment of the Lake County Court of Common Pleas.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] Lake County Treasurer, John S. Crocker, was also named in the complaint as a necessary party, due to property tax liens that were, or may have been, existing on the subject property at the time of the filing of the foreclosure complaint. The Lake County Treasurer's Office is not a party to this appeal.
[2] The trial court did not rule on either of appellants' pending motions prior to this appeal. *Page 1