[Cite as *Fifth Third Bank v. Schaffer*, 2013-Ohio-5702.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Fifth Third Bank, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-118 |
| v. | : | (C.P.C. No. 12CV008873) |
| Rodney F. Schaffer, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 24, 2013

*Yale R. Levy* and *Krishna K. Velayudhan*, for appellee.

*Rodney F. Schaffer*, pro se.

APPEAL from the Franklin County Court of Common Pleas.

T. BRYANT, J.

{¶1}    Defendant-appellant, Rodney F. Schaffer, filed an appeal from a judgment of the Franklin County Court of Common Pleas, which granted the summary judgment motion of plaintiff-appellee, Fifth Third Bank ("Fifth Third").  For the following reasons, we affirm.

{¶2}    On July 12, 2012, Fifth Third served a complaint and summons upon appellant by certified mail at 5988 Oswald Street, Westerville, Ohio.  Fifth Third alleged that it is the owner of a promissory note appellant executed on March 24, 2006, with a principal amount of $495,000, plus interest.  Fifth Third demanded judgment against appellant in the sum of $547,013.90, plus interest at 2.75 percent from May 11, 2012, costs expended and other proper relief.

{¶3}    On August 8, 2012, appellant filed an answer stating that he did not believe he owed any outstanding debts to Fifth Third.  On November 12, 2012, Fifth Third served its first set of requests for admissions upon appellant, by ordinary mail at

5988 Oswald Street, Westerville, Ohio.  On December 26, 2012, Fifth Third filed a motion for summary judgment and served appellant by ordinary mail at 5988 Oswald Street, Westerville, Ohio.  Fifth Third alleged that, since appellant failed to respond to its request for admissions, the admissions are deemed admitted, establish the facts conclusively, and Fifth Third is entitled to judgment as a matter of law.  On February 6, 2013, the trial court granted Fifth Third's motion for summary judgment.

{¶4}    Appellant filed a notice of appeal on February 13, 2013 and raised the following assignment of error:

> PROPER SERVICE WAS NEVER ESTABLISHED, THE ADDRESS USED FOR SERVICE BY THE APPELLEE WAS INCORRECT AS THE APPELLANT HAD NOT LIVED THERE FOR OVER TWO YEARS THEREFORE DUE TO LACK OF SERVICE, THE COURTS SHOULD NOT BE ABLE TO GRANT SUMMARY JUDGEMENT IN FAVOR OF APPELLEE AS OF THIS DATE (4/05/13)

{¶5}    By his assignment of error, appellant contends that proper service of Fifth Third's motion for summary judgment was never accomplished.  Appellant argues that the line of credit was secured by property located at 1370 Wingate Drive, Delaware, Ohio, and the house was foreclosed in 2010 and should have paid any outstanding liens.

{¶6}    To prevail on a motion for summary judgment, the moving party must demonstrate that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party and that conclusion is adverse to the nonmoving party.  Civ.R. 56(C); *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29.  Appellate review of a trial court's ruling on a motion for summary judgment is de novo.  *Id.*  Such review is independent and without deference to the trial court's determination.  *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711 (4th Dist.1993).  Thus, "[w]hen reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."  *Mergenthal v. Star Banc Corp.,* 122 Ohio App.3d 100, 103 (12th Dist.1997).

{¶7}    Pursuant to Civ.R. 5(B)(2)(c), a party may serve a motion by mailing it to the person's last known address by United States mail.  *Edney v. Life Ambulance Serv.,*

*Inc.*, 10th Dist. No. 11AP-1190, 2012-Ohio-4305, ¶ 7.  If this method of service is utilized, service is considered complete upon mailing.  Civ.R. 5(B)(2)(c).  "Where a party follows the Ohio Civil Rules of Procedure, courts presume proper service unless the presumption is rebutted with sufficient evidence."  *Paasewe v. Wendy Thomas 5 Ltd.*, 10th Dist. No. 09AP-510, 2009-Ohio-6852, ¶ 22.  This presumption of proper service " 'may only be rebutted by producing sufficient evidence, such as an affidavit, that the responding party never received service.' "  *White v. Stotts*, 3d Dist. No. 1-10-44, 2010-Ohio-4827, ¶ 45, quoting *JP Morgan Chase Bank v. Ritchey*, 11th Dist. No. 2006-L-247, 2007-Ohio-4225, ¶ 40.  " '[U]nsworn statements, such as bare allegations in an appellate brief, do not constitute evidence and are not sufficient to rebut the presumption of proper service.' "  *Paasewe* at ¶ 22, quoting *Poorman v. Ohio Adult Parole Auth.*, 4th Dist. No. 01CA16, 2002-Ohio-1059.

{¶8}    In this case, the trial court record contains no evidence that appellant no longer resided at the 5988 Oswald Street address.  Appellant stated he had not resided there for two years, but there is no evidence that appellant informed the court he had moved to Las Vegas, Nevada, which is the address on his brief.  Appellant did not provide an affidavit or any written documentation to support his contention.  Moreover, the complaint was served by certified mail, and appellant received it.  The trial court's decision was sent to the Oswald address, and appellant must have received it because he filed his notice of appeal seven days later.  Appellant failed to rebut the presumption of proper service.

{¶9}    As there was no evidence in the record to rebut Fifth Third's evidence, the trial court did not err in granting Fifth Third's motion for summary judgment.  Appellant's assignment of error is not well-taken.

{¶10} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____