**In re GOODMAN.**

[Cite as *In re Goodman,* 161 Ohio App.3d 192, 2005-Ohio-2364.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No.   2003–A–0117.

Decided May 13, 2005.

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Angela M. Scott, Assistant Prosecuting Attorney, for appellee.

Jon T. Field, for appellant.

DIANE V. GRENDELL, Judge.

{¶ 1} Defendant-appellant, Glenn Goodman Jr., appeals from the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, classifying him as a juvenile sex offender pursuant to R.C. 2152.83 and 2950.01. For the reasons that follow, we affirm the judgment of the juvenile court.

{¶ 2} On February 12, 2002, Goodman's mother entered the computer room of the family home and found Goodman engaged in sexual conduct with his three-year-old half-brother. Goodman's mother called the Ashtabula County Sheriff's Department, which subsequently took Goodman into custody.

{¶ 3} On February 13, 2003, the Ashtabula County Sheriff's Department filed a complaint in the Ashtabula County Court of Common Pleas, Juvenile Division, charging Goodman, then age 17, with being a juvenile delinquent by reason of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree if committed by an adult. Upon arraignment, Goodman denied the charge.

{¶ 4} On March 12, 2003, the juvenile court conducted an adjudicatory hearing, finding Goodman delinquent in the matter and committing him to the custody of the Ohio Department of Youth Services ("ODYS") for an indefinite term ranging from one year up to the date of Goodman's 21st birthday.

{¶ 5} On August 11, 2003, Goodman became subject to supervised release from ODYS. On October 1, 2003, a juvenile-sexual-offender-classification hearing, pursuant to R.C. 2950.01 and 2152.83, was held. At this hearing, Goodman was found to be a juvenile offender registrant, under R.C. 2152.811 et seq. The classification requires the appellant, for a period of ten years, to register in the county in which he resides and to register with the county sheriff of any county in which he resides for more than seven days.

{¶ 6} Goodman timely filed an appeal from the judgment, raising the following assignments of error:

{¶ 7} "[1.] "The Ashtabula County Juvenile Court erred to the prejudice of appellant when it declined to address the issue of the constitutionality of Ohio Revised Code Section 2950 as it is applied to juvenile offenders.

{¶ 8} "[2.] The appellant did not receive the effective assistance of counsel guaranteed him by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of the State of Ohio.

{¶ 9} "[3.] Ohio Revised Code Section 2152.83 is unconstitutional as it violates the Equal Protection Clauses of the Ohio Constitution and the United States Constitution."

{¶ 10} In his first assignment of error, Goodman alleges that the juvenile court committed error by not addressing the constitutionality of R.C. Chapter 2950 as it is applied to juvenile defenders. Goodman relies upon the Ohio Supreme Court's language in *Johnson v. BP Chemicals, Inc.* (1999), 85 Ohio St.3d 298, 707 N.E.2d 1107. *Johnson* states, "When the validity of a statute is challenged on constitutional grounds, it is [the duty of the courts] to determine the meaning and effect of the Constitution vis-a-vis the challenged legislation." Id. at 303, 707 N.E.2d 1107. Goodman claims, therefore, that the court's refusal to consider the oral argument of his counsel that R.C. Chapter 2950 was unconstitutional as applied to juveniles was clearly error. Although we agree that the trial court erred by failing to consider the constitutional issue, for the following reasons, we hold this error to be harmless.

{¶ 11} Section 1, Article IV of the Ohio Constitution states, "The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas * * * and such other courts inferior to the supreme court as may from time to time be established by law." Moreover, "[t]he power and duty of the judiciary to determine the constitutionality and, therefore, [t]he validity of the acts of the other branches of government have firmly been established as an essential feature of the Ohio system of separation of powers." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 462, 715 N.E.2d 1062. This court may, therefore, address Goodman's constitutional question.

{¶ 12} At the hearing, Goodman's counsel stated, "We would submit to the court that this is an appropriate situation for a trial level court to look at and make a determination that the statute is unconstitutional * * *. The primary matters being there the overall philosophy of juvenile law with regard to confidentiality with regard to rehabilitation and treatment as opposed to punishment. * * * And also in support of that, we would say that the recent reports that indicate Mr. Goodman's progress in terms of how counseling has worked * * * would make that appropriate as well." The trial court declined to address the constitutional issue and subsequently determined that the lowest classification under R.C. Chapter 2950 applied.

{¶ 13} Goodman concedes that the constitutionality of R.C. Chapter 2950 was upheld by the Ohio Supreme Court in *State v. Williams* (2000), 88 Ohio St.3d 513, 728 N.E.2d 342, but he points out that the court limited its holding to certain grounds not contemplated in the instant case. Specifically, no court has yet addressed whether R.C. Chapter 2950 is constitutional as applied to juveniles.

{¶ 14} We begin our discussion by reiterating the fundamental precept that there is a strong presumption of constitutionality with respect to enactments of the Ohio General Assembly. *Ottawa Cty. Bd. of Commrs. v. Marblehead*

(1999), 86 Ohio St.3d 43, 46, 711 N.E.2d 663; *State v. Cook* (1998), 83 Ohio St.3d 404, 409, 700 N.E.2d 570. Furthermore, legislation will not be declared unconstitutional unless it is shown to be unconstitutional beyond a reasonable doubt. Id. at 409, 700 N.E.2d 570; *State v. Thompkins* (1996), 75 Ohio St.3d 558, 560, 664 N.E.2d 926. Moreover, the burden of proving the unconstitutionality of a statute rests upon the party challenging its validity. Id. at 560, 664 N.E.2d 926; *Woods v. Telb* (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103.

{¶ 15} In R.C. 2950.02(A)(1), the General Assembly sets forth its legislative findings and public policy declaration with regard to the reporting requirement, stating, "If the public is provided adequate notice and information about * * * delinquent children who commit sexually oriented offenses * * *, members of the public and communities can * * * prepare themselves * * * for the * * * delinquent child's release from imprisonment, a prison term, or other confinement or detention." In the collective wisdom of the General Assembly, the reporting requirements are necessary because "[t]he penal, juvenile, and mental health components of the justice system of this state are largely hidden from public view, and a lack of information from any component may result in the failure of the system to satisfy *this paramount governmental interest of public safety* * * *." (Emphasis added.) R.C. 2905.02(A)(3).

{¶ 16} Courts have repeatedly held that R.C. Chapter 2950 is constitutional. In *Williams,* 88 Ohio St.3d 513, 728 N.E.2d 342, the court upheld the validity of R.C. Chapter 2950 in the face of constitutional challenges based upon double jeopardy, bills of attainder, and equal protection under the United States and Ohio Constitutions and the natural law rights to property, pursuit of an occupation, favorable reputation, or privacy, as encompassed in Section 1, Article I of the Ohio Constitution and (in the case of the right to privacy) the Fourteenth Amendment of the United States Constitution.

{¶ 17} In *Cook,* 83 Ohio St.3d 404, 700 N.E.2d 570, the Ohio Supreme Court upheld the statute in the face of challenges based upon the Retroactivity Clause of Section 28, Article II of the Ohio Constitution and the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. Nor was R.C. Chapter 2950 found to violate either procedural or substantive due process under the Ohio and United States Constitutions. *State v. Ward* (1999), 130 Ohio App.3d 551, 720 N.E.2d 603. In addition, R.C. Chapter 2950 was not found to violate the constitutional protection against cruel and unusual punishments under Section 9, Article I of the Ohio Constitution or the Eighth Amendment to the United States Constitution. Id. at 574, 720 N.E.2d 603.

{¶ 18} Courts in Ohio have additionally found that the registration requirements of R.C. Chapter 2950 withstood constitutional challenges on the basis of overbreadth, due process, and equal protection under Section 10, Article I of the

Ohio Constitution and the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. *State v. Hill* (Jul. 24, 1998), 2nd Dist. No. 16791, 1998 WL 412458, at *7–*8.

{¶ 19} The statements of Goodman's counsel indicate that Goodman challenged the constitutionality of R.C. Chapter 2950 on the basis of the right to privacy and the alleged punitive nature of the reporting requirement. As the Supreme Court stated in *Williams*, "there is nothing in R.C. Chapter 2950 that infringes upon any fundamental right of privacy or any other fundamental constitutional right that has been recognized by the United States Supreme Court. Because neither a suspect class [i.e., sex offenders] nor a fundamental constitutional right is implicated by the provisions of R.C. Chapter 2950, a rational basis analysis is appropriate." 88 Ohio St.3d at 531, 728 N.E.2d 342. The fact that Goodman was a juvenile does not change the analysis. *In re R.L.*, 8th Dist. Nos. 84543, 84545, 84546, 2005-Ohio-26, 2005 WL 23323, at ¶ 16, citing *In re Vaughn* (Aug. 13, 1990), 12th Dist. No. CA89–11–162, 1990 WL 116936, at *30 ("juveniles have never been treated as a suspect class and legislation aimed at juveniles has never been subjected to the test of strict scrutiny"). Therefore, we need only consider whether the statute "bears a rational relationship to a legitimate governmental interest." Id. at ¶ 17.

{¶ 20} Moreover, courts in Ohio have repeatedly held that R.C. Chapter 2950 is not by its nature a punitive statute. *Williams*, 88 Ohio St.3d at 528, 728 N.E.2d 342; *Cook*, 83 Ohio St.3d at 417, 700 N.E.2d 570 ("the General Assembly's intent with regard to R.C. Chapter 2950 is remedial, not punitive"); *Ward*, 130 Ohio App.3d at 571, 720 N.E.2d 603. For these reasons, we find that the General Assembly's legitimate interest of protecting the public from sexual offenders, regardless of age, bears a rational relationship to the registration requirements of R.C. Chapter 2950 as it applies to juveniles. Goodman's first assignment of error is without merit.

{¶ 21} In his second assignment of error, Goodman claims that counsel was ineffective for raising only a perfunctory argument related to the constitutionality of R.C. Chapter 2950.

{¶ 22} The United States Supreme Court adopted a two-part test for determining whether trial counsel was ineffective: "First, the defendant must show that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Second, the defendant must show that the deficient performance prejudiced the defense." Id.

{¶ 23} "[T]he proper standard for attorney performance is that of reasonably effective assistance * * * [and] the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687–688, 104 S.Ct. 2052, 80 L.Ed.2d 674. A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. Finally, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight * * * and to evaluate the conduct from counsel's perspective at the time."

{¶ 24} To establish prejudice, "the defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Bradley* (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373.

{¶ 25} We find that Goodman's counsel was not ineffective. Appellant's counsel did, in fact, challenge the constitutionality of R.C. Chapter 2950. Furthermore, since the statute in question has withstood all prior constitutional challenges, Goodman cannot prove the existence of a reasonable probability that counsel's alleged deficiency was outcome-determinative. Thus, Goodman's second assignment of error is without merit.

{¶ 26} In his third assignment of error, Goodman argues that R.C. 2152.83 and R.C. Chapter 2950 unconstitutionally discriminate against juveniles who were 16 or 17 years of age at the time the delinquent act was committed. We addressed the constitutionality of R.C. Chapter 2950 in the first assignment of error. The issue of the constitutionality of R.C. 2152.83 was not raised at the trial court level. It is well settled that an appellate court "will not consider a question not presented, considered, or decided by a lower court." *Kalish v. Trans World Airlines, Inc.* (1977), 50 Ohio St.2d 73, 79, 4 O.O.3d 195, 362 N.E.2d 994; *State v. Childs* (1968), 14 Ohio St.2d 56, 43 O.O.2d 119, 236 N.E.2d 545, at paragraph three of the syllabus; *Dostal v. Dostal,* 11th Dist. No. 2001–P–0113, 2002-Ohio-2819, 2002 WL 1173526, at ¶ 9. This rule applies equally to the failure to raise a constitutional issue directly in the trial court. *State v. Awan* (1986), 22 Ohio St.3d 120, 122–123, 22 OBR 199, 489 N.E.2d 277. Goodman's third assignment of error is without merit.

{¶ 27} For the foregoing reasons, we affirm the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division.

Judgment affirmed.

WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.