[Cite as *In re M.W.*, 2014-Ohio-3758.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re M.W.

Court of Appeals No. WD-13-089

Trial Court No. 2012 JA 0541

**DECISION AND JUDGMENT**

Decided: August 29, 2014

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Charles Bergman and David T. Harold, Assistant Prosecuting Attorneys, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a November 19, 2013 judgment of the Wood County Court of Common Pleas, Juvenile Division, that classified appellant, M.W., as a juvenile sex offender registrant triggering the statutory residential registration requirements. For the reasons set forth below, the judgment of the trial court is hereby affirmed.

{¶ 2} On May 10, 2012, appellant pled guilty to one count of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(1), a felony of the second degree. On July 9, 2012, following a dispositional hearing, appellant was given a stayed commitment to the Ohio Department of Youth Services ("DYS") and was ordered to complete the treatment program at the Juvenile Residential Center of Northwest Ohio ("JRC") treatment facility in lieu of imposition of the DYS commitment.

{¶ 3} On January 9, 2013, appellant was unsuccessfully discharged from JRC based upon both his failure to participate in required treatment programs and his hostile and criminal behavior, including the felonious assault of a staff member and verbal threats of rape against a staff member. This additional criminal conduct by appellant during his stay in JRC culminated in an additional charge of assault of a corrections officer, a felony of the fifth degree. Following adjudication on the new offense, appellant was ordered to serve an additional term of commitment for a minimum period of six months to a maximum of age 21, ordered to run concurrent to the original sentence.

{¶ 4} On October 20, 2013, appellant was released from DYS. On November 7, 2013, a sex offender classification hearing was held. On November 19, 2013, the trial court issued an order classifying appellant as a Tier I juvenile sex offender registrant. It also reserved its jurisdiction to revisit the classification determination in accordance with the controlling statute. For the reasons set forth below, this court affirms the judgment of the trial court.

2.

**{¶ 5}** Appellant, M.W., sets forth the following two assignments of error:

I. The Ohio's "SORNA" laws as applied to juveniles violates equal protection because whether or not a juvenile is to be classified or whether the juvenile should be classified is simply a function of the juvenile's age at the time of the commission of the underlying delinquent act.

II. R.C. 2152.83(A) is unconstitutional because it permits the court to impose a punitive sanction that extends beyond the age jurisdiction of the juvenile court, in violation of due process.

**{¶ 6}** The following undisputed facts are relevant to this appeal. This case stems from appellant's conduct in recording himself digitally penetrating a 14-year-old girl, storing these images on a mobile phone, and disseminating the recording to a third-party. Appellant also admitted to sending "sexts" of himself to other females. Notably, one of the girls appellant was "sexting" indicated that appellant had suggested to her that "he would hurt himself" if she did not cooperate in providing explicit photos of herself to him.

**{¶ 7}** Appellant pled guilty to one count of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(1), a felony of the second degree. Following a dispositional hearing, appellant was given a stayed commitment to DYS and ordered to complete the treatment program at JRC in lieu of the DYS commitment.

**{¶ 8}** Rather than cooperate with the treatment plan requirements by JRC, appellant's criminal conduct escalated. In January 2013, while at JRC, appellant

3.

violently hurled a chair at a staff member, called his counselor vulgar, abusive names, and made explicit sexual threats toward his counselor. This resulted in a new offense, assault of a corrections officer, a felony of the fifth degree. Following these events, appellant was unsuccessfully discharged from JRC and committed to DYS for a minimum period of six months to a maximum of age 21 to run concurrent to the original sentence.

{¶ 9} Shortly after arriving at DYS, appellant was administratively assessed additional confinement time upon the discovery of a letter he wrote describing a detailed plan to purchase drugs which he intended to utilize to facilitate the rape of a female DYS staff member.

{¶ 10} On October 20, 2013, appellant was released from DYS, and a sex offender registration hearing was held. On November 19, 2013, the trial court issued an order classifying appellant as a Tier I juvenile sex offender registrant due to the nature of the underlying offense, the history of violent threats and actions (both prior to and after adjudication), and the failure to comply with treatment goals. This appeal ensued.

{¶ 11} In the first assignment of error, appellant contends that the Sex Offender Registration and Notification Act ("SORNA"), as it applies to juveniles, violates the Equal Protection Clauses of the Fourteenth Amendment of the United States and Ohio Constitutions. We are not persuaded.

{¶ 12} The determination of whether a statute is constitutional is a question of law that is reviewed de novo. *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759,

4.

791 N.E.2d 1025, ¶ 11 (1st Dist.). Statutes are presumed constitutional and "[a]ll reasonable doubts as to the constitutionality of a statute must be resolved in its favor." *Desenco, Inc. v. Akron*, 84 Ohio St.3d 535, 538, 706 N.E.2d 506 (1999). Consequently, the party challenging the statute "bears the burden to negate every conceivable basis that might support the legislation." *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 91.

{¶ 13} Significantly, a number of Ohio appellate courts have previously reviewed R.C. 2152.83 on equal protection grounds and have consistently found that this statute does not violate the Fourteenth Amendment of the United States or Article I, Section 2 of the Ohio Constitution. *Accord In re T.F.*, 4th Dist. Highland No. 09CA37, 2010-Ohio-4773, ¶ 30; *In re B.D.*, 11th Portage No. 2011-P-0078, 2012-Ohio-4463, 979 N.E.2d 5, ¶ 23-34; *see also United States v. Juvenile Male*, 670 F.3d 999, 1009-1010 (9th Cir.2012).

{¶ 14} Appellant contends that because R.C. 2152.83 treats 13 year olds and 14 year olds differently, the statute should be deemed unconstitutional. In support, appellant claims there is a lack of data supportive of the statute's provisions providing for different treatment based upon age.

{¶ 15} The legislature is not required to articulate its reasoning for enacting a statute, nor is empirical data required for its enactment. *Unites States R. Ret. Bd. v. Friz*, 449 U.S. 166, 179, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980). Accordingly, our focus shifts to determining if R.C. 2152.83 "bears a rational relationship to a legitimate governmental

5.

interest." *In re Goodman*, 161 Ohio App.3d 192, 2005-Ohio-2364, 829 N.E.2d 1219, ¶ 19 (11th Dist.).

{¶ 16} SORNA is designed to protect the public, regardless of age, from convicted sex offenders. Thus, requiring appellant to register as a sex offender bears a rational relationship to a legitimate governmental interest. SORNA stems from a compelling public safety and protection objective.

{¶ 17} The record in this case shows that appellant attempted to devise a plan to drug and rape a female DYS guard while already incarcerated on a sexual offense. The record further shows appellant disseminated obscenity to other juveniles. The record establishes that the need to protect the public from appellant is rationally related to SORNA's goal of protecting the public. Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 18} In the second assignment of error, appellant argues R.C. 2452.83(A) is unconstitutional because it permits the court to impose a punitive sanction that extends beyond the age jurisdiction of the juvenile court, in violation of due process rights. We are not persuaded.

{¶ 19} The jurisdiction of the juvenile court was properly exercised at the time of the offense. The age of appellant at the time that his subsequent release triggers sex offender registration requirements is immaterial. There is both a valid statutory basis and caselaw in support of retaining jurisdiction over appellant. *See, e.g., In re D.R.*, 5th Dist. Knox No. 13CA27, 2014-Ohio-588, ¶ 8-10 (holding that the juvenile court retains

6.

subject-matter jurisdiction, as it applies to R.C. 2152.83, and it may extend past a minor's 21st birthday).

{¶ 20} Significantly, multiple state and federal courts have held that the punitive nature of having an adult register for an offense committed as a juvenile is not unconstitutional. In fact, R.C. 2152.22(A) specifically exempts sex offender classification proceedings from the general rule that dispositions end when the juvenile turns 21 years old. *Accord In re R.M.*, 1st Dist. Hamilton No. C-120166, 2014-Ohio-1200, ¶ 17; *In re Raheem L.*, 2013-Ohio-2423, 993 N.E.2d 455, ¶ 10 (1st Dist.); *In re D.R.*, 5th Dist. Knox No. 13CA27, 2014-Ohio-588, ¶ 27-28; *In re N.Z.*, 11th Dist. Lake No. 2012-L-100, 2014-Ohio-157, ¶ 43-45. *See also Juvenile Male*, 670 F.3d at 1009-1010.

{¶ 21} Based on the forgoing, we find appellant's second assignment of error not well-taken.

{¶ 22} Wherefore, we find that substantial justice has been done in this matter. The judgment of the Wood County Court of Common Pleas, Juvenile Division is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                    _____
                                                         JUDGE
Stephen A. Yarbrough, P.J.

                                        _____
James D. Jensen, J.                                      JUDGE
CONCUR.

                                        _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.

8.