[Cite as *In re L.N.*, 2017-Ohio-4471.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re L.N.

Court of Appeals No. WD-16-043

Trial Court No. 2014JA0881

<u>**DECISION AND JUDGMENT**</u>

Decided:  June 23, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
Charles Bergman, Chief Assistant Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Wood County Court of Common

Pleas, Juvenile Division, that classified appellant, "L.N.," as a juvenile sex offense

registrant.  For the reasons set forth below, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶ 2} On September 19, 2014, a complaint was filed with the Wood County Juvenile Court, case No. 2014JA0881, alleging that L.N., then 15 years old, had unlawful sexual contact with his four-year-old sister. According to the journal entry, journalized on October 29, 2014, the court adjudicated L.N. delinquent to the offense of one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a third-degree felony delinquency. By agreement of the parties, the court then proceeded immediately to disposition.

{¶ 3} The court ordered that L.N. be committed to the legal custody of the Ohio Department of Youth Services ("ODYS") for institutionalization in a secure facility for an indefinite term consisting of a minimum of six months to a maximum of the age of 21 years of age. L.N.'s commitment was suspended on the condition that he complete treatment and aftercare program at the Juvenile Residential Center of Northwest Ohio ("JRCNO"). The court deferred hearing the matter of whether L.N. should be classified as a sexual offender registrant until his release.

{¶ 4} On April 7, 2015, while he was receiving treatment at JRCNO, L.N. was charged in a separate case of gross sexual imposition. (Wood County case No. 2015JA0319). The 2015 case involved incidents that occurred when L.N. was 13 years old, with different victims than the 2014 case.

{¶ 5} Based upon the new charge, the juvenile court, by order dated June 23, 2015, terminated its previous "initial dispositional decision" that had placed L.N. at JRCNO. It

2.

then committed L.N. to ODYS "immediately." In other words, L.N. was transferred from JRCNO, where he was receiving treatment in the 2014 case, to ODYS, where he was ordered sent in the 2015 case. The court specifically ordered, "the Court shall be notified prior to [L.N.'s] release from DYS in order for a sexual classification hearing to be held (in this case.)"

{¶ 6} L.N.'s sexual offender registration and tier classification hearing was originally set for May 6, 2016, but was twice delayed when his commitment to ODYS was extended for fighting. The classification hearing eventually occurred on July 18 and August 4, 2016. According to the August 4, 2016 journal entry, the court classified L.N. as a Tier II offender.

{¶ 7} Through his appointed, appellate counsel, L.N. appealed. He asserts one assignment of error:

> Assignment of Error: The juvenile court committed plain error by conducting a juvenile sex offender classification and registration hearing and classifying the juvenile as a Tier II sexual offender registrant, as the juvenile had been released from the secure facility to which he was confined as part of his original disposition more than a year before his classification hearing.

3.

## Law and Analysis

{¶ 8} L.N. asserts that the trial court erred in holding his sex offender registration hearing on August 4, 2016, over a year after his June 15, 2015 "release" from JRCNO. L.N. concedes that because no objection was raised at the trial level as to the timeliness of the classification hearing, our review is limited to a plain error analysis.

{¶ 9} Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error review is available in juvenile delinquency proceedings. *See, e.g., In re Tabler*, 4th Dist. Lawrence No. 06CA30, 2007-Ohio-411, ¶ 15. An appellate court will take notice of plain error with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. Before we reverse the trial court for plain error, we must find that the error is clearly apparent from the face of the record and is prejudicial to the appellant. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16.

{¶ 10} In order to determine whether the court committed plain error in classifying L.N. as a juvenile offender registrant, we look to the "Juvenile Sex Offender Registration and Notification Law." In particular, R.C. 2152.83(B)(1) provides:

> The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct *at the time of disposition of the child* or, if the court commits the child for the delinquent act to the custody of a secure

4.

facility, may conduct *at the time of the child's release from the secure facility*, a hearing for the purposes described in division (B)(2) of this section if all of the following apply:

(a) The act for which the child is adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

(b) The child was fourteen or fifteen years of age at the time of committing the offense.

(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code. (Emphasis added.)

{¶ 11} Thus, a juvenile court has discretion as to whether to hold a sex offender classification hearing for juveniles who are 14 or 15 years of age and commit a sexually oriented offense, but do not have a prior sexually oriented offense adjudication on their record. *In re B.O.*, 6th Dist. Lucas No. L-12-1021, 2013-Ohio-2246, ¶ 7.

{¶ 12} If the court chooses to conduct a sex offender classification hearing, it has discretion as to whether to classify the juvenile as a sex offender and, if so, at what tier the juvenile will be classified. The criteria for making such a determination is set forth in R.C. 2152.83(D).

{¶ 13} L.N. was 14 years old at the time he admitted to committing the sex offense in this case, and he had no prior adjudication for a sexually oriented offense. L.N. does not challenge the court's decision to hold a classification hearing or to designate him as a Tier II offender. Instead, he challenges the timing of the hearing. L.N. claims that the classification hearing should have been held on either October 23, 2014, when he was ordered to JRCNO, or June 18, 2015, when his "prior commitment to JRCNO * * * terminated." He argues that "[t]he statute does not contemplate deferring the hearing until all dispositional orders confining a child to separate secure facilities for separate, unrelated acts, expire."

{¶ 14} The state counters that the juvenile court, in its June 23, 2015 dispositional order, specifically retained subject-matter jurisdiction to conduct a sex offender classification hearing upon L.N.'s release from a secure facility, which occurred on August 4, 2016. It cites a series of cases for the proposition that jurisdiction of the juvenile court is properly obtained at the time of the offense, and retained thereafter. *See, e.g., In re M.R.,* 6th Dist. Wood No. WD-13-089, 2014-Ohio-3758, ¶ 19. The state argues that, "this is not one of those rare instances where the juvenile was released from a secure facility, and a juvenile sexual classification hearing was held a significant time later. * * * Here, it occurred at the time of L.N.'s release from a secured facility with [ODYS]."

{¶ 15} Indeed, there are a number of cases in which a juvenile sex offender was actually released from a secure facility and the classification hearing was held thereafter.

6.

In those cases, whether the court retained jurisdiction to conduct a postrelease hearing turned, at least in part, on the length of time that had elapsed between the juvenile's release and the subsequent hearing.

{¶ 16} For example, in *In re B.W.,* 2d Dist. Darke No. 1702, 2007-Ohio-2096, the juvenile sex offender's classification hearing was "a little more than two months" after his release from ODYS. The court of appeals found that the delay was not "unreasonable." It expressly found that the trial court retained jurisdiction to classify the juvenile. It opined, "[c]learly, the legislature did not intend to mandate a classification simultaneous with release, but merely within a reasonable time given docket constraints and appropriate time for evaluations appurtenant to classification. Since the trial court had jurisdiction to classify B.W., his first assignment of error is overruled." *Id.* at ¶ 14. *See also In re B.O.*, 6th Dist. Lucas No. L-12-1021, 2013-Ohio-2246, ¶ 7 (Juvenile court properly conducted appellant's sex offender registration hearing over a month after it had released the juvenile from DYS). Likewise, in *In re Smith,* 3d Dist. Allen No. 1-07-58, 2008-Ohio-3224, the court of appeals found that a classification hearing held seven months after the juvenile's release from a secure facility was reasonable and comported with R.C. 2152.83. *Id. at* ¶ 14, 18, *rev'd on other grounds, In re D.J.S.*, 130 Ohio St.3d 257, 2011-Ohio-5342, 957 N.E.2d 291 (Reversing appellate court's conclusion that 2007 Am.Sub.S.B. No. 10 did not violate prohibition against retroactive laws in juvenile sex offender classification proceeding). *But see In re McCallister,* 5th Dist. Stark No. 2006CA00073, 2006-Ohio-5554, ¶ 9-10 (Finding that the trial court's jurisdiction as to

7.

classification terminated 13 months after the juvenile sex offender's release from a secure facility).

{¶ 17} The cases cited above suggest that a trial court may, under certain circumstances, reasonably delay a classification hearing until after a juvenile's release from a secure facility without running afoul of R.C. 2152.83(B)(1).

{¶ 18} We agree with the state, however, that the situation in the instant case is different than those cases because L.N. was not "released" from JRCNO but rather transferred to a different, secure facility, in a different matter. Indeed, the trial court was careful to note at the time of transfer that "[a]t no time did [L.N.] leave a secure facility."

{¶ 19} We need not, and indeed cannot, decide whether the trial court's decision to hold L.N.'s classification hearing when it did was reasonable, or not, for the reason that the record before us is incomplete.

{¶ 20} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1989), citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978).

{¶ 21} Likewise, App.R. 9(B)(3) requires that, "the appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court." In cases where portions of the transcript that are necessary for the resolution of assigned errors are omitted from the record, "the reviewing court has nothing to pass

8.

upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp* at 199.

**{¶ 22}** Because L.N. did not request the transcript in his praecipe or otherwise provide this court with a transcript of the juvenile court's proceedings, most notably the classification hearing held on July 18 and August 4, 2016, we must presume that the court's rulings, with respect to his assignment of error, were correct. *State v. Vascik*, 6th Dist. Lucas No. L-10-1130, 2011-Ohio-975, ¶ 18-19, citing *Knapp. See also Citifinancial, Inc. v. Budzik*, 9th Dist. Lorain No. 02CA008155, 2003-Ohio-4149 (Transcript necessary for meaningful review of the trial court's rulings on evidentiary matters.); and *State v. Pirpich*, 12th Dist. Warren No. CA2006-07-083, 2007-Ohio-6745. (Without a transcript of the suppression hearing, an appellate court must presume the trial court correctly denied a motion to suppress.)

**{¶ 23}** Before we reverse a judgment on plain error grounds, we must find that the error is clearly apparent from the face of the record and is prejudicial to the appellant. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16. Because the critical portions of the record are not before us, we cannot find that the trial court committed plain error in holding L.N.'s classification hearing on August 4, 2016. Accordingly, L.N.'s assignment of error is not well-taken.

9.

**{¶ 24}** The judgment of the Wood County Court of Common Pleas, Juvenile Division, is affirmed.  Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                          JUDGE
Arlene Singer, J.

                   _____
Thomas J. Osowik, J.          JUDGE
CONCUR.

                   _____
                          JUDGE