DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas, Juvenile Division, which entered judgment dismissing the complaint in parentage filed by appellant, David P., who sought DNA testing and other relief. For the reasons stated herein, this court reverses the decision of the trial court and remands the case for further proceedings.
 {¶ 2} Appellant sets forth the following sole assignment of error: *Page 2 
 {¶ 3} "IS THE TRIAL COURT'S DISMISSAL OF THE PLAINTIFF-APPELLANT'S COMPLAINT IN PARENTAGE; FOR D.N.A. TESTING; AND FOR OTHER RELIEF AN ABUSE OF DISCRETION?"
 {¶ 4} The following facts are relevant to this appeal. On September 6, 2005, appellant filed a motion to establish paternity. In his complaint, appellant set forth the following: on March 8, 2004, a child was born to Kim D. and her husband Gary (collectively referred to as "appellees"); appellant has reason to believe that he may be the biological father of the child; and the Lucas County Child Support Enforcement Agency has determined this case not amenable to the administrative paternity process. On October 31, 2005, appellees filed a motion to dismiss the paternity action on the grounds that: (1) R.C. 3111.04(A), which grants appellant standing to bring the parentage action, is unconstitutional as it infringes on appellees' rights to marital privacy and their freedom to raise their child; and (2) R.C. 3111.04(A) is unconstitutional because it is overly broad and not narrowly tailored to achieve a compelling state purpose.
 {¶ 5} On November 11, 2005, a magistrate entered his decision and found R.C. 3111.04(A) to be constitutional. The magistrate denied the motion to dismiss and ordered genetic testing for the child and Kim. Appellees timely filed objections to the magistrate's decision and, on November 15, 2005, oral arguments were presented to the trial judge. On November 17, 2005, the trial court entered its judgment entry, in which it found appellees' objections not well-taken and denied. The trial court affirmed the magistrate's decision, but stayed the execution of the order pending appeal. *Page 3 
 {¶ 6} On December 15, 2005, appellees filed a notice of appeal, case No. L-05-1411. This appeal was dismissed on March 13, 2006 for lack of a final appealable order.
 {¶ 7} Upon return to the trial court, the case was set for an April 17, 2006 parentage pretrial hearing. A magistrate again ordered genetic testing. There is no indication on the face of the magistrate's order of any specific ruling on appellees' motion to dismiss. Appellees immediately filed a motion to set aside this latest magistrate's order for genetic testing. In this motion, appellees indicated that they also objected to the magistrate's denial of their orally renewed motion to dismiss. Appellees attempted to incorporate by reference their constitutional grounds for their motion as articulated in their prior October 2005 motion to dismiss.
 {¶ 8} On April 20, 2006, the trial court, without holding a hearing, reversed the magistrate's decision and dismissed appellant's complaint. The trial court's decision contained no analysis, rationale, or basis for the judge's decision to overturn the magistrate's April 17, 2006 order. On May 15, 2006, appellant filed a notice of appeal.
 {¶ 9} In his sole assignment of error, appellant argues that the trial court abused its discretion by dismissing his complaint requesting genetic testing to establish a father-child relationship. Appellant contends that, pursuant to R.C. 3111.09(A)(1), an order from the court for genetic testing is mandatory upon the motion of any party to the action. In particular, appellant asserts that the legislature's use of the work "shall" in R.C. 3111.09(A)(1) leaves a court no discretion in deciding whether or not to order genetic *Page 4 
testing, and creates an obligation to order the tests when requested by either party. R.C. 3111.09 provides, in pertinent part:
 {¶ 10} "(A)(1) In any action instituted under sections 3111.01 to3111.18 of the Revised Code, the court, upon its own motion may order, and upon the motion of any party to the action, shall order the child's mother, the child, the alleged father, and any other person who is a defendant in the action to submit to genetic tests. * * *" (Emphasis added.)
 {¶ 11} The construction of a statute is a question of law.Brennaman v. R.M.I. Co. (1994), 70 Ohio St.3d 460, 466. Consequently, an appellate court is to apply a de novo standard of review, and need not give deference to a lower court's interpretation. Metz v. Ohio Dept. ofHuman Services (2001), 145 Ohio App.3d 304, 310. It is well established that the principles of statutory construction require courts to first look at the specific language contained in the statute and then, if the language is unambiguous, to apply the clear meaning of the words used.Roxane Laboratories, Inc. v. Tracy (1996), 75 Ohio St.3d 125, 127. In the absence of any statutory definition of the words in question, they are to be given their usual, normal, or customary meaning. Chari v.Vore (2001), 91 Ohio St.3d 323, 327.
 {¶ 12} Ordinarily, the word "shall" is a mandatory one, whereas "may" denotes the granting of discretion. Dorrian v. Scioto ConservancyDist. (1971) 27 Ohio St.2d 102, 108. Furthermore, the use of the words "shall" and "may" in the same section clearly reflects a legislative intent that the two words be given their usual statutory construction. *Page 5 
Id. Therefore, we find that pursuant to R.C. 3111.09(A)(1), a trial court has an obligation to order genetic testing upon the motion of any party to an action instituted pursuant to sections 3111.01-3111.18 of the Revised Code.
 {¶ 13} Appellees, however, respond that genetic testing should not be ordered on constitutional bases. Appellees contend that R.C. 3111.04(A), which grants appellant standing to bring a complaint for genetic testing, is unconstitutionally broad on its face and, in the alternative, unconstitutional as applied to appellees because it infringes on their constitutionally protected right to maintain their unitary family and raise their children without unnecessary governmental intrusion.
 {¶ 14} In determining the paternity of a child, R.C. 3111.03 states that "a man is presumed to be the natural father of a child" when "the man and the child's mother are or have been married to each other, and the child is born during the marriage." Because appellees were married to each other at the time the child at issue in this case was born, we find that Gary is presumed to be the natural father of said child.
 {¶ 15} With regard to the constitutional issues raised, the determination as to whether or not a statute is constitutional presents a question of law which is to be reviewed de novo. Andreyko v.Cincinnati, 153 Ohio App.3d 108, ¶ 11. Statutes are presumed constitutional and all reasonable doubt as to the constitutionality of a statute must be resolved in its favor. Desenco, Inc. v. Akron (1999),84 Ohio St.3d 535, 538. Consequently, in challenging R.C. 3111.04(A) as unconstitutionally broad on its face, *Page 6 
appellees have the burden of proving the constitutional infirmity of the statute beyond a reasonable doubt. Beagle v. Walden (1997),78 Ohio St.3d 59, 61.
 {¶ 16} R.C. 3111.04 states, in relevant part:
 {¶ 17} "(A) An action to determine the existence or non-existence of the father and child relationship may be brought by * * * a man alleged or alleging himself to be the child's father * * *."
 {¶ 18} Appellees assert that R.C. 3111.04(A) is overbroad because it does not limit the time or circumstances under which genetic testing must be ordered. For instance, R.C. 3111.04(A) does not require that the man alleging to be the biological father of a child, born to a husband and wife during a marriage, set forth any evidence of his relationship with the wife prior to being granted a request for genetic testing. Thus, any man, at any time, without any factual basis being demonstrated, can challenge the presumption that the husband is the child's natural father and have genetic testing performed. Despite appellees' argument, there is support from other appellate courts that the statute would be unconstitutional on its face if it did not allow an alleged father to bring an action for genetic testing. See Crawford Cty.Child Support Enforcement Agency v. Sprague (Dec. 5, 1997), 3rd Dist. No. 3-97-13 (holding that to advocate a position that a putative father should not be allowed to assert a paternity action when the mother is married to another would advance a gender-based distinction in violation of the Equal Protection Clause of the Fourteenth Amendment). This court therefore finds that appellees have *Page 7 
failed to demonstrate beyond a reasonable doubt that R.C. 3111.04(A) is unconstitutional on its face.
 {¶ 19} With regard to appellees' argument that R.C. 3111.04(A) is unconstitutional as applied to the facts of this case, we note that to prevail on a constitutional challenge to a statute as applied, the challenger must present clear and convincing evidence of the statute's constitutional defect. State ex rel. Ohio Congress of Parents Teachersv. State Bd. of Edn., 111 Ohio St.3d 568, 2006-Ohio-5512, ¶ 21, citingBelden v. Union Cent. Life Ins. Co. (1944), 143 Ohio St. 329, paragraph six of the syllabus. Appellees admit that there has been no testimony or other evidence taken in this case. Therefore, a review of this fact-based issue is precluded. This court simply has no evidentiary and factual record upon which to make a determination on this issue.
 {¶ 20} Appellant's assignment of error is well-taken.
 {¶ 21} On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed. The case is remanded for further proceedings consistent with this decision. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT REVERSED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J.
CONCUR.