OPINION
{¶ 1} Defendant-appellant, M.R., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, ordering him to pay child support. For the following reasons, we reverse and remand.
 {¶ 2} On September 2, 1990, plaintiff-appellee, M.L., gave birth to A.R. out of wedlock. Less than a year later, M.L. and M.R. married. On July 29, 1992, M.R. signed *Page 2 
an acknowledgment of paternity in which he acknowledged that he was the natural father of A.R. Pursuant to R.C. 2105.18,[1] the Franklin County Probate Court entered the acknowledgment of paternity upon its journal.
 {¶ 3} M.L. and M.R. separated in March 1996 and divorced in February 1997. Throughout the separation and divorce proceedings, M.L. never sought, nor did any court order M.R. to pay, any child support for A.R. Moreover, the parties' dissolution decree did not refer at all to A.R.
 {¶ 4} On April 22, 2004, M.L. filed a complaint against M.R. seeking child support and health insurance coverage for A.R. M.R. disputed paternity, and he filed a counterclaim asking the trial court to determine the parentage of A.R. M.R. also filed a motion for genetic testing.
 {¶ 5} A magistrate accepted argument regarding whether genetic testing was appropriate and, deciding it was not, denied M.R.'s motion. M.R. objected to the magistrate's decision, but the trial court overruled the objections and adopted the magistrate's decision.
 {¶ 6} Citing Civ.R. 60(A), the magistrate then issued a second decision that corrected a clerical error in her earlier decision. In the corrected decision, the magistrate not only denied M.R.'s motion for genetic testing, she also dismissed M.R.'s counterclaim. M.R. again objected, but the trial court overruled M.R.'s objections and adopted the magistrate's corrected decision. *Page 3 
 {¶ 7} On June 20, 2006, the trial court ordered M.R. to pay $216.72 per month in child support and to maintain health insurance for A.R. M.R. now appeals from that judgment entry.
 {¶ 8} On appeal, M.R. assigns the following error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR GENETIC TESTING AND DISMISSAL OF HIS COUNTERCLAIM FOR DETERMINATION OF PARENTAGE UPON THE BASIS THAT APPELLANT'S PRIOR ACKNOWLEDGEMENT OF PATERNITY IN PROBATE COURT WAS RES JUDICATA AS TO THE ISSUE OF PARENTAGE.
 {¶ 9} By his only assignment of error, M.R. argues that the doctrine of res judicata neither bars his paternity action nor precludes genetic testing. We agree.
 {¶ 10} According to R.C. 3111.04(A), "[a]n action to determine the existence or nonexistence of the father and child relationship may be brought by * * * a man alleged or alleging himself to be the child's father * * *." In such an action, the trial court, "upon the motion of any party to the action, shall order the child's mother, the child, [and] the alleged father * * * to submit to genetic tests." R.C.3111.09(A)(1). Thus, if an alleged father institutes a paternity action and makes a motion for genetic testing, R.C. 3111.09 obligates the trial court to order such testing. David P. v. Kim D., Lucas App. No. L-06-1164, 2007-Ohio-1865, at ¶ 12; Boyer v. Hanly (Aug. 18, 1999), Auglaize App. No. 2-99-03.
 {¶ 11} The trial court, however, denied M.R. the genetic testing he requested because it found that the acknowledgment of paternity precluded M.R. from relitigating the issue of his paternity. In according the acknowledgment of paternity this res judicata effect, the trial court relied upon In re Gilbraith (1987), 32 Ohio St.3d 127. InGilbraith, the *Page 4 
child at issue was born out of wedlock, and the alleged father (who had married the mother after the child's birth) signed an acknowledgment of paternity, which a probate court journalized pursuant to R.C. 2105.18. Later, the mother and alleged father divorced. After the alleged father failed to make timely child support payments, the mother initiated contempt proceedings, and in response, the alleged father asserted that he was not the child's natural father. Ultimately, the trial court ruled that the acknowledgment of paternity barred the alleged father from questioning the child's paternity in a subsequent action. The appeals court disagreed.
 {¶ 12} In order to determine whether the doctrine of res judicata applied to the paternity action, the Supreme Court of Ohio had to first resolve whether the General Assembly had removed the doctrine "from the realm of parentage actions by virtue of any provision appearing in R.C. Chapter 3111." Id. at 129. Thus, the court reviewed the relevant provisions of R.C. Chapter 3111, including R.C. 3111.03, which listed a series of presumptions that applied to the existence of the father and child relationship. Among these presumptions of paternity was a presumption that arose when the alleged father made a sworn acknowledgment of paternity before a notary public. R.C.3111.03(A)(3)(a), as enacted by Am. Sub. H.B. No. 245, 1982 Ohio Laws 5-51. The presumption could be rebutted with clear and convincing evidence demonstrating the absence of a biological relationship. R.C.3111.03(B), as enacted by Am. Sub. H.B. No. 245.
 {¶ 13} The Supreme Court of Ohio concluded that R.C. 3111.03 did not forestall the application of res judicata. Because the rebuttable presumptions listed in former R.C. 3111.03 did not include an acknowledgment of paternity entered as a judgment pursuant *Page 5 
to R.C. 2105.18, the Supreme Court of Ohio found that the statute did not preclude the alleged father's journalized acknowledgment of paternity from having res judicata effect. The court's reasoning suggested that if former R.C. 3111.03 had included an acknowledgment of paternity journalized pursuant to R.C. 2105.18 in the list of rebuttable presumptions, the outcome would have been different. If a journalized acknowledgment created only a rebuttable presumption of paternity, then a court could not afford that acknowledgment res judicata effect.
 {¶ 14} Since the Supreme Court of Ohio decided Gilbraith in 1987, the General Assembly has amended the paternity statutes multiple times. Effective July 15, 1992, R.C. 3111.03(A)(5) extended the presumption of paternity to the circumstance wherein "a court enters upon its journal an acknowledgment of paternity pursuant to section 2105.18 of the Revised Code." R.C. 3111.03(A)(5), as enacted by Am. Sub. S.B. No. 10, 1992 Ohio Laws 5-166. This presumption was rebuttable. R.C. 3111.03(B), as enacted by Am. Sub. S.B. No. 10. Although the General Assembly deleted R.C. 3111.03(A)(5) from the statute in 1997, the rebuttable presumption created by that provision remains valid. R.C. 3111.03(C)(1), as enacted by Am. Sub. S.B. No. 180, 2000 Ohio Laws, Vol. 11, L-3947 ("[A] presumption of paternity that arose pursuant to this section prior to [March 22, 2001] shall remain valid on and after that date unless rebutted pursuant to division [B] of this section.").[2]
 {¶ 15} Here, M.R. signed an acknowledgment of paternity on July 29, 1992, and the probate court subsequently journalized that acknowledgment pursuant to R.C. *Page 6 2105.18. Therefore, the rebuttable presumption created by former R.C.3111.05(A)(5) applies. R.C. 3111.03(C)(1).
 {¶ 16} Given the advent of the legislatively-created presumption based upon a journalized acknowledgment of paternity, the rationale underlyingGilbraith does not support the application of res judicata in this case. In essence, R.C. 3111.03 now provides that a journalized acknowledgment of paternity does not result in an unassailable, conclusive determination of paternity but, instead, renders only a rebuttable presumption of paternity. Res judicata cannot apply to determinations that are rebuttable because such determinations are not final. Therefore, in adding R.C. 3111.03(A)(5) to the statute and then giving that provision ongoing validity, the General Assembly has precluded courts from giving res judicata effect to acknowledgments of paternity journalized under R.C. 2105.18.
 {¶ 17} In the case at bar, the trial court found that M.R. could not challenge the acknowledgment of paternity based upon the doctrine of res judicata. As our analysis demonstrates, however, R.C. 3111.03 makes the doctrine of res judicata inapplicable in this case. Pursuant to R.C.3111.03(C)(1), M.R.'s acknowledgment of paternity created only a presumption of paternity. M.R. can rebut that presumption with "clear and convincing evidence that includes the results of genetic testing." R.C. 3111.03(B). Therefore, the trial court erred in denying M.R.'s motion for genetic testing and in dismissing his paternity action. Accordingly, we sustain M.R.'s only assignment of error.
 {¶ 18} For the foregoing reasons, we sustain M.R.'s assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic *Page 7 
Relations, Juvenile Branch, and remand this case to that court for further proceedings in accordance with law and this opinion.
Judgment reversed and cause remanded.
PETREE and McGRATH, JJ., concur.
[1] Effective January 1, 1998, the General Assembly amended R.C.2105.18 and recodified it as R.C. 5101.314. Am. Sub. H.B. No. 352, 1997 Ohio Laws, Vol. 9, L-2507. In 2000, the General Assembly repealed R.C.5101.314 and now R.C. 3111.20 through 3111.35 govern acknowledgments of paternity. Am. Sub. S.B. No. 180, 2000 Ohio Laws, Vol. 11, L-3869.
[2] Because the statutes in effect on April 22, 2004 — the date M.L. filed her complaint — govern this action, we cite to the version of R.C.3111.03(C)(1) in effect at that time. Although the General Assembly has since amended R.C. 3111.03, the relevant change is not substantive. *Page 1