[Cite as *In re J.R.*, 2016-Ohio-4751.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re J.R.

Court of Appeals No. WD-15-075

Trial Court No. 2014 JA 1120

**DECISION AND JUDGMENT**

Decided: June 30, 2016

* * * * *

Jeffrey P. Nunnari, for appellant.

* * * * *

**YARBROUGH, J.**

## I. Introduction

{¶ 1} Appellant, J.R., appeals the judgment of the Wood County Court of Common Pleas, Juvenile Division, classifying J.R. as a Tier I juvenile offender registrant and ordering him to provide in person verification annually for a period of ten years. We affirm.

## A. Facts and Procedural Background

{¶ 2} The facts of this case were aptly summarized by the juvenile court, as follows:

On January 20, 2015, [J.R.] was adjudicated delinquent to the offense of rape, a first degree felony delinquency, in violation of R.C. 2907.02(A)(1)(b). All parties agreed to proceed immediately to disposition. As disposition of this case, the Court ordered that [J.R.] be committed to the legal custody of the Department of Youth Services for institutionalization in a secure facility for an indefinite term consisting of a minimum of one year to a maximum of the age of twenty-one. In addition to other dispositional orders, the Court also ordered [J.R.] to successfully complete sexual offender treatment. Given [J.R.'s] commitment to a secure facility, a sexual offender classification hearing was deferred to be conducted at the time of [J.R.'s] release from the secure facility. The Court ordered that it be notified prior to [J.R.'s] release from the Department of Youth Services in order for a sexual offender classification hearing to be held.

By a Release Decision Summary received by the Court and dated September 17, 2015, the Court was notified by the Department of Youth Services that [J.R.] had been approved for release in November 2015. As a result, consistent with Ohio Revised Code 2152.83(A)(1) and *State ex. Rel.*

*Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421 (2012), the Court conducted the subject matter sexual offender registration/tier classification hearing on November 3 and November 23, 2015 in coordination with [J.R.'s] impending release from the Ohio Department of Youth Services.

At the start of the November 3, 2015 hearing, the Court acknowledged receipt of a pleading captioned Objections to Sexual Offender Classification filed on [behalf of J.R. on] October 30, 2015. This pleading raised certain constitutional issues surrounding the proposed sexual offender classification in this matter.

{¶ 3} At the conclusion of the hearing, the juvenile court rejected the constitutional arguments J.R. raised in his objections to the sexual offender classification hearing. Further, the court ordered that J.R. be classified as a Tier I juvenile offender registrant, and instructed J.R. to provide annual in-person verification for a period of ten years. It is from this order that J.R. now appeals.

**B. Assignments of Error**

{¶ 4} On appeal, J.R. assigns the following errors for our review:

Assignment of Error I: Ohio's "SORNA" laws as applied to juveniles violates Equal Protection because whether or not a juvenile is to be classified or whether the juvenile should be classified is simply a function of the juvenile's age at the time of the commission of the underlying delinquent act.

3.

Assignment of Error II: R.C. 2152.83(A) is unconstitutional because it permits the court to impose a punitive sanction that extends beyond the age jurisdiction of the juvenile court, in violation of Due Process.

## II. Analysis

{¶ 5} At the outset, we agree with J.R.'s statement that "[a]ll of the issues raised herein have previously been passed upon adversely to [J.R.] by this and other Ohio Appellate Courts in similar cases." Despite this acknowledgement, J.R. notes in his appellate brief his basis for raising the issues here; namely, that "the issues raised herein are currently before the Ohio Supreme Court for rulings on the merits. Accordingly, J.R. raises them here in the event that the Ohio Supreme Court rules in a manner favorable to this and other appellants."

{¶ 6} In his first assignment of error, J.R. argues that Ohio's sex offender registration laws, as applied to juveniles, are unconstitutional in that they discriminate based upon age in violation of the Equal Protection Clauses of the United States and Ohio Constitutions. In his second assignment of error, J.R. contends that R.C. 2152.83(A) is unconstitutional insofar as it permits the juvenile court to impose a sanction beyond its age jurisdiction.

{¶ 7} As J.R. acknowledges in his brief, these issues have previously been addressed by this court. Indeed, counsel for J.R. raised these identical arguments in *In re M.W.*, 6th Dist. Wood No. WD-13-089, 2014-Ohio-3758. In *M.W.*, we examined J.R.'s equal protection argument and found that Ohio's SORNA laws survive rational basis

4.

equal protection scrutiny in that they bear a rational relationship to the legitimate government interest of protecting the public from convicted sex offenders. *Id*. at ¶ 16. Further, we found no merit to M.W.'s due process argument. Concerning this argument, we noted that "multiple state and federal courts have held that the punitive nature of having an adult register for an offense committed as a juvenile is not unconstitutional." *Id.* at ¶ 20.

{¶ 8} Since our decision in *M.W.* was released, the Supreme Court of Ohio issued its decision in *In re D.S.*, --- Ohio St.3d ---, 2016-Ohio-1027, --- N.E.3d ----. In *D.S.*, the Supreme Court examined the due process argument J.R. raises here, concluding that "[t]he imposition of juvenile-offender registrant status under R.C. 2152.82 or 2152.83(B) with corresponding registration and notification requirements that continue beyond the offender's reaching age 18 or 21 does not violate the offender's due-process rights." *Id.* at paragraph three of the syllabus.

{¶ 9} In light of our decision in *In re M.W.* and the Supreme Court of Ohio's decision in *In re D.S.*, we find no merit to J.R.'s constitutional arguments in this case. Accordingly, J.R.'s assignments of error are not well-taken.

### III. Conclusion

{¶ 10} In light of the foregoing, we affirm the judgment of the Wood County Court of Common Pleas, Juvenile Division. Costs are hereby assessed to J.R. in accordance with App.R. 24.

Judgment affirmed.

5.

In re J.R.
C.A. No. WD-15-075

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
                                                             JUDGE

Stephen A. Yarbrough, J.

James D. Jensen, P.J.          _____
CONCUR.                                                       JUDGE

_____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.