[Cite as *In re N.W.*, 2020-Ohio-290.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re N.W.

Court of Appeals No. WD-19-051

Trial Court No. 2018 JA 0703

**DECISION AND JUDGMENT**

Decided: January 31, 2020

* * * * *

Autumn D. Adams, for appellant.

Paul A. Dobson, Wood County Prosecuting Attorney, Charles S. Bergman, Chief Assistant Prosecuting Attorney, and David T. Harold, Assistant Prosecuting Attorney, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 20, 2019 judgment of the Wood County Court of Common Pleas, Juvenile Division, classifying 16-year-old N.W. as a Tier I sex offender on a mandatory, best interest of the community basis.

{¶ 2} This case stems from N.W.'s October 30, 2018 adjudication as a delinquent child on one count of gross sexual imposition, in violation of R.C. 2907.05, a felony of the fourth degree, subsequent to N.W.'s admission to imposing sexual contact upon a 15-year-old victim, against the victim's wishes.

{¶ 3} The outcome of N.W.'s criminal case triggered the above-described, mandatory juvenile sex offender hearing and classification pursuant to R.C. 2152.83(A). For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 4} Appellant, N.W., sets forth the following two assignments of error:

I. The juvenile sex offender registry is unconstitutional as it is not rationally related to a legitimate governmental interest because the registry provides minimal notice, if any at all, to the general public of the child's status as a sex offender.

II. Appellant's status as a mandatory sex offender registrant under R.C. 2152.83(A) [violates the equal protection clause of the federal and state constitutions].

{¶ 5} The following undisputed facts are relevant to this appeal. On October 30, 2018, appellant was adjudicated as a delinquent child on one count of gross sexual imposition, in violation of R.C. 2907.05, a felony of the fourth degree.

{¶ 6} The case was triggered by appellant's sexual contact with a minor victim against that victim's wishes when appellant was 16 years old. Appellant was committed into the custody of the Ohio Department of Youth Services ("DYS") for an indefinite

2.

period ranging from six months to a maximum of appellant reaching the age of 21. The DYS commitment was stayed subject to probation, completion of recommended sex offender treatment, and a no contact order with the victim was imposed.

{¶ 7} In addition, as directly relevant to the core of this appeal, the trial court also conducted a sexual offender classification hearing and classified appellant as a Tier 1 sex offender, as mandated by R.C. 2152.83(A). This appeal ensued.

{¶ 8} Both of appellant's assignments of error are similarly rooted in the premise that appellant's status as an R.C. 2152.83 sex offender is unconstitutional. We do not concur. Due to the common premise of the assignments, they will be addressed simultaneously.

{¶ 9} In support of this appeal, appellant maintains that Ohio's juvenile sex offender registration statutory scheme is unconstitutional. Appellant summarily concludes that the statute is not rationally related to any legitimate government interest.

{¶ 10} In addition, appellant similarly maintains that the statute is unconstitutional on an equal protection basis because the statute modifies the sexual offender registration consequences imposed on juvenile sex offenders based upon the age of the offender, with the statutory registration implications increasing on an age-basis. The consequences enumerated in the statute increase in correspondence to the increases in the age range of the juvenile sex offender.

{¶ 11} We note that analogous constitutional arguments regarding Ohio's statutory juvenile sex offender registration requirements have been repeatedly presented to, and

3.

rejected by, both the Supreme Court of Ohio and Ohio's appellate courts. We likewise find the arguments to be unpersuasive.

{¶ 12} It is well-established when statutory constitutional issues are raised on appeal, this court reviews the matter on a de novo basis. Existing statutes must be presumed constitutional. Accordingly, deference in favor of affirming the constitutionality of statutes is thereby accorded in response to claims arising from any reasonable doubts. *In re D.P. v. K.P.*, 6th Dist. Lucas No. L-06-1164, 2007-Ohio-1865, ¶ 15.

{¶ 13} In support of appellant's position that the statutory juvenile sex offender registration scheme is unconstitutional, appellant summarily concludes that, "[I]t is clear that SORNA is not designed to protect the public from children who commit sex offenses, and therefore requiring appellant to register as a sex offender does not bear a rational relationship to a legitimate government interest." We do not concur.

{¶ 14} Appellant's objection to the constitutionality of R.C. 2152.83 is rooted in the statute's above-referenced age-based, step-approach to the triggering of registration requirements upon juvenile sex offenders. Specifically, pursuant to the statutory provisions, offenders aged 13 and younger are not encompassed by the statute, offenders aged 14 and 15 are classified as juvenile sex offenders on a discretionary basis as determined by the trial court based upon the facts of each case, and juvenile sex offenders aged 16 and over are mandated to be classified as juvenile sex offenders.

4.

**{¶ 15}** Without any evidentiary support, appellant concludes, "The public will never know of the vast majority of children who commit sexual offenses." It is unclear on what relevant, evidentiary basis appellant determined that the "vast majority" of adjudicated juvenile sex offenders are aged 13 and younger. Regardless, we are not convinced.

**{¶ 16}** We find that the age-based juvenile sex offender classification system set forth in R.C. 2152.83 can reasonably be found to reflect consideration of a greater of risk of recidivism and a higher level of seriousness of offenses as the age of the offender rises, and, therefore, the interest in protecting the public increases as the age of the juvenile sex offender increases.

**{¶ 17}** As such, the juvenile sex offender classification consequences escalate as the age of the juvenile offender increases towards the age of majority. This system can reasonably be found to reflect a rational relationship between the statutory provisions and a legitimate government interest in protection of the public from offenders.

**{¶ 18}** As this court previously held in the case of *In re J.R.*, 6th Dist. Wood No. WD-15-075, 2016-Ohio-4751, "Ohio's SORNA laws survive rational basis equal protection scrutiny in that they bear a rational relationship to the legitimate government interest of protecting the public from convicted sex offenders * * * multiple state and federal courts have held that the punitive nature of having an adult register for an offense committed as a juvenile is not unconstitutional." *In re J.R.* at ¶ 7.

5.

{¶ 19} The Supreme Court of Ohio definitively held in *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184, ¶ 36-40, in response to a broad-based constitutional challenge to Ohio's juvenile sex offender registration requirements:

> Even after the completion of disposition, the juvenile court maintains jurisdiction to periodically review the juvenile offender's registration status for purposes of termination or modification. Specifically, a juvenile-sex-offender registrant may petition the juvenile court, beginning at three years following the classification order, to request reclassification to a lower tier or to terminate the registration requirement * * * In determining whether to continue, modify, or terminate the classification, the juvenile court is directed to consider the statutory factors under R.C. 2152.83(D). Thus, the juvenile court judge maintains discretion throughout the course of the offender's registration period to consider whether to continue, terminate, or modify the juvenile's classification * * * The imposition of juvenile-offender-registrant status under R.C. 2152.82 or 2152.83 with corresponding duties lasting beyond age 18 or 21 includes sufficient procedural protections to satisfy the due process requirement of fundamental fairness.  And, given the allowance for periodic review and modification, it is consistent with the rehabilitative purpose of the juvenile system * * * [T]he imposition of juvenile offender registrant status * * * does not violate the offender's due process rights.

6.

{¶ 20} In light of the foregoing, including both our de novo consideration of this matter and the considerable body of precedent adverse to appellant's constitutional claims, we find appellant's assignments of error to be without merit and not well-taken.

{¶ 21} On consideration whereof, the judgment of the Wood County Court of Common Pleas, Juvenile Division, is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.