[Cite as *In re K.C.*, 2020-Ohio-836.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re K.C.

Court of Appeals No. WD-19-066

Trial Court No. 2018 JA 0421

DECISION AND JUDGMENT

Decided: March 6, 2020

* * * * *

Autumn D. Adams, for appellant.

Paul A. Dobson, Wood County Prosecuting Attorney, Charles S.
Bergman, Chief Assistant Prosecuting Attorney, and David T.
Harold, Assistant Prosecuting Attorney, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, K.C., appeals the August 2, 2019 judgment of the

Wood County Court of Common Pleas, Juvenile Division, which found that appellant

qualified as a mandatory registrant and classified him as a Tier I offender which requires

him to provide in-person verification for ten years. Because we conclude that the juvenile sex offender registry and the age-based classification system under R.C. 2152.83(A) is constitutional, we affirm.

{¶ 2} On May 29, 2018, appellant, then 17 years old, was charged with one count of rape, a felony of the first degree if committed by an adult. The charge stemmed from sexual contact with a minor victim under the age of 13. On July 17, 2018, appellant was adjudicated a delinquent child and the matter was set for disposition.

{¶ 3} The dispositional hearing was held on July 24, 2018. Thereafter, on July 25, 2018, appellant was ordered committed to the Ohio Department of Youth Services (DYS) for a minimum period of one year and a maximum not exceeding his 21st birthday.

{¶ 4} Following appellant's release from the DYS, a sexual registration and classification hearing was held on August 1, 2019. Because of his age at the time of the offense, the court classified appellant as a Tier I juvenile offender registrant under R.C. 2152.83, which required that he register annually for a period of ten years.

{¶ 5} Appellant commenced the instant appeal and raises the following two assignments of error for our review:

> Assignment of Error I: The juvenile sex offender registry is unconstitutional as it is not rationally related to a legitimate governmental interest because the registry provides minimal notice, if any at all, to the general public of the juvenile's status of a sex offender.

2.

Assignment of Error II: Appellant's status as a mandatory sex offender registrant under Revised Code section 2152.83(A) violates the Equal Protection Clause of the United States and Ohio Constitution[s] because it creates classes of similarly situated children who are treated differently.

{¶ 6} When the issue of the constitutionality of a statue is raised on appeal, our review is de novo. *David P. v. Kim D.*, 6th Dist. Lucas No. L-06-1164, 2007-Ohio-1865, ¶ 15, citing *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, 791 N.E.2d 1025, ¶ 11 (1st Dist.). Because statutes are presumed constitutional, any challenge must be proven beyond a reasonable doubt. *Id.*, citing *Beagle v. Walden*, 78 Ohio St.3d 59, 61, 676 N.E.2d 506 (1997).

{¶ 7} This court has recently addressed identical assignments of error in an appeal following an appellant's designation as a Tier I juvenile sexual offender. *In re N.W.*, 6th Dist. Wood No. WD-19-051, 2020-Ohio-290. In *N.W.*, the juvenile appellant, 16 years old, was adjudicated a delinquent child on one count of gross sexual imposition involving a 15-year-old victim. *Id.* at ¶ 2.

{¶ 8} Rejecting appellant's assignments of error challenging the constitutionality of the age-based, tiered classification system under R.C. 2152.83, we noted:

We find that the age-based juvenile sex offender classification system set forth in R.C. 2152.83 can reasonably be found to reflect consideration of a greater of risk of recidivism and a higher level of

3.

seriousness of offenses as the age of the offender rises, and, therefore, the interest in protecting the public increases as the age of the juvenile sex offender increases.

As such, the juvenile sex offender classification consequences escalate as the age of the juvenile offender increases towards the age of majority. This system can reasonably be found to reflect a rational relationship between the statutory provisions and a legitimate government interest in protection of the public from offenders.

*Id.* at ¶ 16-17. *See In re J.R.*, 6th Dist. Wood No. WD-15-075, 2016-Ohio-4751; *In re D.S.*, 146 Ohio St.3d 182, 2016-Ohio-1027, 54 N.E.3d 1184. Reviewing this case, de novo, and upon application of this court's and the Supreme Court of Ohio's precedent, we reject appellant's first and second assignments of error.

{¶ 9} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Wood County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                      _____
                                                  JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, P.J.                       _____
CONCUR.                                                     JUDGE

_____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.